UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLE VADALA  )<br>)<br>)<br>)<br>     Plaintiff,   )<br>)<br>v.   )<br>)<br>KEOLIS COMMUTER SERVICES, LLC   )<br>)<br>)<br>)<br>     Defendant.   )<br>) | Case No._____ |

NICOLE VADALA                          )
                                       )
                                       )
                                       )
            Plaintiff,                 )    Case No._____
                                       )
v.                                     )
                                       )
KEOLIS COMMUTER SERVICES, LLC          )
                                       )
                                       )
                                       )
            Defendant.                 )
                                       )

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Plaintiff Nicole Vadala, by and through counsel, Carolyn M. Latti, Esquire., Latti & Anderson, LLP, P. Matthew Darby, Esquire, Darby Law Group, LLC (to be admitted "Pro Hoc Vice"), sues Defendant Keolis Commuter Services, LLC, and as causes of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Nicole Vadala is a citizen of Massachusetts.

2. Defendant Keolis Commuter Services, LLC ("Keolis"), is a railroad corporation organized under the laws of Delaware, with its principal place of business in Boston Massachusetts, and doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

3. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U,.S.C. § 1331 and the Federal Employers' Liability Act, 45 U.S.C.. § 51, et seq, ("FELA").

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts. And 28 U.S.C. §1391(b)(2) inasmuh as Keolis' principal place of business in in Boston, Massachusetts, and is doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

5. Plaintiff's action arose under the FELA, 45 U.S.C., 51, et seq.

6. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment, and premises involved were under the control of the Defendant.

7. On or about January 16, 2020, the Plaintiff, while in the employ of the Defendant as an Assistant Conductor, sustained severe injuries.

8. On that date, the Plaintiff was performing her duties and was collecting fares from passengers and after doing so, she walked to the interior door of the train car. In the vestibule of the car, the floor was uneven and "bubbling" and as she stepped forward, the left heel of her boot caught the lip in the floor as a result of this defective condition, and she immediately felt a shooting pain in her left leg. The condition which should have been recognized and corrected by Defendant before the train was put into service.

9. Defendant Keolis owed to the Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform her work.

10. Defendant Keolis breached its duty to provide the Plaintiff with a reasonably safe place to work in that:

   a. It failed to use due care to furnish the Plaintiff with a reasonably safe place in which to work;

    b.   It failed to maintain the floor in the vestibule of the car, by allowing it to become uneven and "bubbling," causing an unsafe place for employees and passengers to walk;

    c.   It failed to maintain the vestibule of the car in a safe and reasonable condition;

    d.   It failed to warn the Plaintiff of the danger presented by the unsafe condition of the vestibule flooring; and

    d.   It was otherwise careless, reckless, and negligent.

11.    In addition, Defendant violated a regulation promulgated by the Federal Railroad Administration, rendering the Defendant strictly liable for Plaintiff's injuries. Specifically, Defendant violated 49 CFR 238.305, which requires railroads to ensure that "(2) Floors of passageways and compartments are free from oil, water, waste, or any obstruction that creates a slipping, tripping, or fire hazard, and floors are properly treated to provide secure footing."

12.    Because of Defendant's violation of this regulation, it is strictly liable for Plaintiff's injuries and Plaintiff may not be charged with contributory negligence.

13.    As a direct and proximate result of the negligence in violation of the aforementioned Federal Railroad Administration regulation by Defendant Keolis, the Plaintiff was seriously, painfully and permanently injured about her body and limbs, resulting in injuries to her left knee, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform her usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Nicole Vadala, demands judgment against the Defendant, Keolis, in an amount to be determined by the Jury, together with interest and costs.

By her Attorney,

/s/ Carolyn M. Latti
Carolyn M. Latti, Esq.
BBO# 567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, Massachusetts 02109
(617) 523-1000
clatti@lattianderson.com


TO BE ADMITTED PRO HAC VICE

P. Matthew Darby, Esquire
Darby Law Group, LLC
201 International Circle, Suite 200
Hunt Valley, Maryland 21030
(833) 601-7245
matt@darby-lawgroup.com

Dated: December 27, 2022

## REQUEST FOR JURY TRIAL

Plaintiff Nicole Vadala, by and through the undersigned counsel, requests a jury trial on issues presented herein.

/s/ Carolyn M. Latti
Carolyn M. Latti, Esq.